UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAUL MENDOZA

Plaintiff,

v.

DAVID M. KRAVETZ INC. d/b/a SYNERGY
LANDSCAPES

Defendant.

Case No.:

## - <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u> -

Plaintiff SAUL MENDOZA by and through the undersigned counsel, hereby files this Complaint against the above-named Defendant, DAVID M. KRAVETZ INC. d/b/a SYNERGY LANDSCAPES.

### NATURE OF THE CASE

1.   This is an action brought by Plaintiff SAUL MENDOZA, (hereafter "Plaintiff") against his former employer, Defendant DAVID M. KRAVETZ INC. (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and unpaid wages.

2.   During the term of Plaintiff's employment for Defendant, Plaintiff performed work for Defendant in excess of forty hours in a workweek for which he was not compensated at one-and-a-half times his regular rate of pay. Plaintiff performed duties prior and subsequent to his scheduled

shift but was not fully compensated for that time. Additionally, there was a pattern of missing time from Plaintiff's payroll.

3. Consequently, Defendant was not fully compensating all hours, including some in excess of forty (40) hours in a workweek as required by the FLSA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the greatest nexus with the cause because it is the place where Defendant conducted business.

## PARTIES

6. Plaintiff, SAUL MENDOZA, a resident of Hillsborough County, was a former employee of Defendant who worked at DAVID M. KRAVETZ INC.

7. Plaintiff, SAUL MENDOZA, is an employee as defined by the laws under which this action is brought.

8. Defendant DAVID M. KRAVETZ INC. is an employer as defined by the laws under which this action is brought.

9. Defendant DAVID M. KRAVETZ INC. provides landscape and maintenance services such as lawn care, fertilization, irrigation, pest control, and storm damage clean up.

10.  Defendant DAVID M. KRAVETZ INC. is a corporation organized and existing under and by virtue of the laws of Florida that operates SYNERGY LANDSCAPES in Tampa, Florida.

11.  SYNERGY LANDSCAPES is a fictitious name under which Defendant DAVID M. KRAVETZ INC. conducts business.

**COVERAGE**

12.  Defendant DAVID M. KRAVETZ INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

13.  Defendant DAVID M. KRAVETZ INC. is engaged in commerce as defined by 29 U.S.C. § 203, inter alia, by accepting payment from its customers through the use of credit cards, wire transfers and/or checks from banks located outside the state of Florida, and by purchasing (and or/renting) materials and/or equipment, pesticides, insecticides, fertilizer, plants, grass, sod, and a plethora of other items, each manufactured across state lines, for the purpose of providing landscaping and maintenance services.

14.  Defendant also hosts one or more websites viewed by potential customers across state lines, and sends faxes, emails, and other communications across state lines.

15.  Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

16.     Defendant DAVID M. KRAVETZ INC. is an employer within the definition of the FLSA, 29 U.S.C. § 203.

17.     During the term of his employment, Plaintiff SAUL MENDOZA was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

18.     The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

19.     Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

20.     Plaintiff SAUL MENDOZA was employed by Defendant DAVID M. KRAVETZ INC. from August 2018 to December 2019.

21.     Plaintiff held a laborer position at the time of separation.

22.     Plaintiff's duties included maintenance and landscaping.

23.     Plaintiff was an hourly employee.

24.     Plaintiff's last hourly rate was $13.00 per hour.

25.     During his employment with Defendant, Plaintiff was classified as non-exempt.

26.     Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

27.     Plaintiff performed duties (such as loading/unloading and sharpening) prior and/or subsequent to his shift but was not fully compensated for

the time he performed those duties. Additionally, there was a pattern of missing time from Plaintiff's payroll.

28.   At times, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one-and-one-half times his regular rate of pay.

29.   Regarding the duties performed by Plaintiff prior and subsequent to his scheduled shift (including time missing from Plaintiff's payroll), it is estimated that Plaintiff was not paid for 4 hours per week.

30.   Defendant DAVID M. KRAVETZ INC. was aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

31.   Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

32.   Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

33.   Plaintiff SAUL MENDOZA re-alleges and incorporates the allegations contained in Paragraphs 1 through 32 above.

34. Defendant DAVID M. KRAVETZ INC. failed to pay Plaintiff properly for all hours worked in excess of forty (40)  hours in a workweek in compliance with the FLSA.

35. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

36. As a result of Defendant's willful violation of the FLSA, Plaintiff SAUL MENDOZA is entitled to damages, liquidated damages, attorney's fees, and costs.

**COUNT II**
**UNPAID WAGES UNDER FLORIDA COMMON LAW**

37. Plaintiff SAUL MENDOZA re-alleges and incorporates the allegations contained in Paragraphs 1 through 32 above.

38. During the period of his employment, Plaintiff SAUL MENDOZA performed work for Defendant DAVID M. KRAVETZ INC and Defendant agreed to compensate Plaintiff for all hours worked.

39. Defendant DAVID M. KRAVETZ INC. failed and refused to compensate Plaintiff all wages owed by not fully copensating Plaintiff's time.

40. As a result of the foregoing, Plaintiff SAUL MENDOZA has suffered damages and has incurred in attorneys' fees and costs.

41. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in the prosecution of his unpaid wages claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SAUL MENDOZA respectfully requests judgment against Defendant DAVID M. KRAVETZ INC., and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e. Plaintiff's unpaid wages pursuant to Florida Common Law;

f. Attorneys' fees and costs as provided by Section 448.08, Fla. Stat.;

g. Such further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

42. Plaintiff requests a jury trial to the extent authorized by law.

Dated: January 16, 2020.                    Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
�an WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com